THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER EVINS,<br>On Behalf of Himself and a<br>Class of Similarly Situated Individuals,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GLOW NETWORKS, INC.,<br><br>**Serve:** Dev Sridharan<br>　　　2140 Lake Park Blvd, Suite 303<br>　　　Richardson, TX 75080<br>　　　　　　Defendants. | Case No: |

## COLLECTIVE ACTION COMPLAINT

### Collective Action Under § 216(b) of FLSA

Plaintiff, Christopher Evins ("Evins" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, for his Complaint against Defendant Glow Networks, Inc. ("Glow" or "Defendant") states as follows:

1. Defendant provides nationwide telecommunications support by deploying and monitoring telecommunication networks for its customers. Defendant's policy and practice has been to misclassify its Radio Frequency Testers and other similarly situated employees as "exempt" from overtime. Defendant's deliberate failure to pay its employees all of their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

2. Plaintiff works as a "Radio Frequency Tester" or "RF Tester" for Defendant.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

5. Defendant, Glow Networks, Inc., is a nationwide telecommunications company incorporated in Delaware, with its principal place of business in Richmond, Texas. Defendant regularly services customers throughout the country, including the state of Missouri. Defendant employed Plaintiff, and others similarly situated, as a Radio Frequency Tester throughout the country, including Missouri.

6. Plaintiff Christopher Evins is employed by Defendant as a Radio Frequency Tester. Plaintiff is a resident of Missouri and works in Missouri. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

7. Plaintiff began working for Defendant as a Radio Frequency Tester in July, 2013 and is presently employed as such.

8. Radio Frequency Testers run various computerized tests to gauge the signal strength and functionality of telecommunications towers. RF Testers run tests while driving or riding in a car and/or at the site of the signal tower. A laptop computer in the car or at the tower records data regarding the strength and functionality of the radio signal.

9. There is no specialized training or education required to become an RF tester.

10. Defendant's primary business is its telecommunication infrastructure service. Defendant contracts with large telecommunication companies, such as, Sprint Corporation, AT&T, T-Mobile USA, Inc. and Ericsson Inc. to monitor and run tests on their telecommunication towers across the country.

11. Defendant has annual revenues of approximately $18 million.

12. Plaintiff, and other RF Testers, are utilized on a project-based need where they are required to travel to a specific location for a pre-determined amount of time in order to service all of the towers in that location. Each separate location is deemed a different "project."

13. Defendant requires Plaintiff and other RF Testers to travel to each project location and stay at a hotel in that location until the project is complete. Projects often take multiple weeks to complete.

14. Once at the site, Plaintiff and other RF Testers run various tests on all the towers at the site. Then, they continue to the next tower site in the area. After running tests at the final tower site of the day, Plaintiff and other RF Testers return to their hotel, where they are required to document all of the information from the day's tests as well as prepare driving routes for the following day.

15. Defendant does not allow Plaintiff and the putative class to break for lunch.

16. Plaintiff and the putative class members regularly work in excess of forty hours per week.

17. Defendant's pay policy is to only provide payment for up to forty hours a week, regardless of any hours Plaintiff and other RF Testers may have worked in excess of forty hours in a workweek.

18. Further, if Plaintiff and the putative class do not work each day during the week, Defendant maintains a practice and policy of pro-rating employees' pay.

19. Defendant requires that Plaintiff reach between 16 and 18 tower sites per five-day work week, which is an average of roughly three and a half tower sites per day. Tower sites often are located anywhere from an hour to four hours away from each other and tests take roughly an hour to administer once on-site. On many days, it is physically impossible for Plaintiff to reach his required three and a half tower sites in order to stay on Defendant's prescribed pace. The result is a highly stressful environment of constant time-pressure which forces Plaintiff to work extra hours in order to stay on pace.

20. Defendant has classified and/ or treated Plaintiff and other RF Testers as exempt, salaried employee and therefore does not compensate Plaintiff and other RF Testers for or acknowledge and/or record the hours Plaintiff and the putative class work in excess of forty-hours per week.

21. Employment as an RF Tester does not require any discretion. RF Testers are told exactly where to travel each day as well as the exact process by which he is supposed to administer tests.

22. Employment as an RF Tester does not require a heightened degree of skill, knowledge or expertise. RF Testers are not required to have a specialized degree, specialized work experience, nor are they required to have any sort of a technical certification which qualifies them for this position.

23. Defendant does not treat Plaintiff and other RF Testers as salaried employees in any way other than refusing overtime compensation. If RF Testers do not work for a day during a

project or if they take off time between projects, their paycheck will be reduced by the amount of hours which were taken off.

24. The net effect of Defendant's policy and practice, instituted and approved by company managers, is that Defendant willfully failed to pay overtime compensation and willfully failed to keep accurate time records in order to save payroll costs.

## **COUNT I**

25. Plaintiff hereby incorporates by reference the paragraphs 1 through 24 of this Complaint into this count.

26. At all times material herein, Plaintiff and other RF Testers have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.* The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

27. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

28. Defendant violated the FLSA by failing to compensate for overtime on hours worked in excess of forty per week. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees. Defendant also violated the FLSA by failing to properly calculate and pay overtime on all the regular earnings of Plaintiff and all those similarly situated.

29. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the putative class.

30. Defendant employs numerous other Radio Frequency Testers.

31. Defendant improperly classifies and/or treats its Radio Frequency Testers as exempt employees under the FLSA not entitled to receive overtime.

32. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

33. All Radio Frequency Testers working for, or who have worked for Defendant, are similarly situated in that they all perform or performed essentially the same respective job functions.

34. All Radio Frequency Testers are similarly situated in that they are or were all subject to Defendant's same compensation policy, plan, or procedure that pays Radio Frequency Testers for forty hours a week. This denies Radio Frequency Testers compensation for services performed, and denies them overtime compensation. Defendants' conduct violates the FLSA.

35. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of:

> All employees, employed by Glow within the past three years, whose primary duty was to perform on-site functionality or signal strength testing, and who were not paid overtime compensation when working in excess of 40 hours in a workweek.

36. The number and identity of other Radio Frequency Testers yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records and potential class

members may easily and quickly be notified of the pendency of this action but is believed to be in the hundreds.

37. Defendants failed to compensate Plaintiff and all others similarly situated at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

38. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the Radio Frequency Testers, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the group of Radio Frequency Testers, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

41. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and all similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described pursuant to Section

16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their right to participate in this case; (6) a declaration that Defendant's policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

Respectfully submitted,

WILLIAMS DIRKS DAMERON, LLC


__/s/ *Eric L. Dirks*_____
Eric L. Dirks, MO Bar No. 54921
John Doyle, MO Bar No. 66626
1100 Main Street, Suite 2600
Kansas City, MO 64105
dirks@williamsdirks.com
jdoyle@williamsdirks.com
Tel: (816) 876-2600
Fax: (816) 221-8763

/s/ *Michael Hodgson* _____
Michael Hodgson  MO Bar No. 63677
The Hodgson Law Firm, L.L.C.
6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529
mike@thehodgsonlawfirm.com

EMPLOYEE RIGHTS LAW FIRM
Law Offices of Mark A. Jess, LLC

 _/s/ *Mark A. Jess*_____
Mark A. Jess MO Bar No. 37946
1600 Genessee, Suite 842
Kansas City, MO 64102-5639

Ph:  816.474.4600  
Fx:  816.474.4601  
E-mail:  mark.jess@employeerightslawfirm.com  
Website:  www.employeerightslawfirm.com  


ATTORNEYS FOR PLAINTIFF AND ALL  
SIMILARLY SITUATED INDIVIDUALS