# THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

CHRISTOPHER EVINS,      )
On Behalf of Himself and a      )
Class of Similarly Situated Individuals,  )
        )
      Plaintiff,     )
        )     **Case No: 4:14-CV-00544-DW**
   v.       )
        )
GLOW NETWORKS, INC.,     )
        )
        )
      Defendant.   )

## CLASS SETTLEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT

This Class Settlement and Release Between Plaintiff and Defendant (hereinafter "Settlement" or "Agreement") is made and entered into by and between Plaintiff Christopher Evins ("Plaintiff"), individually and on behalf of the participating members of the putative class, including specifically, but not limited to, the early opt in Plaintiffs – Aaron Weathers, Charanjit Singh and Victor Perea ("Early Opt In Plaintiffs") – and Defendant Glow Networks, Inc., and all of their respective past, present, or future parents or other affiliated corporations, divisions, subsidiaries, partnerships, partners, officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns (and the officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns of all such parent or other affiliated corporations, divisions, partnerships and subsidiaries) (collectively "Defendant"), in settlement of the above-captioned matter (the "Litigation"). Plaintiff, the Early Opt In Plaintiffs, and Defendant are collectively referred to herein as "the Parties." Subject to the approval of the Court, the Parties agree as follows:

## I.    DEFINITIONS

EXHIBIT 1

In addition to the other terms defined elsewhere in this Agreement, the terms below have the following meanings:

1. "Class Counsel" means Eric L. Dirks of Williams Dirks Dameron LLC and Michael Hodgson of The Hodgson Law Firm LLC and Mark Jess of The Employee Rights Law Firm.

2. "Class Counsel Fees and Costs Payment" means the total amount of attorneys' fees, litigation costs, and expenses awarded to Class Counsel by the Court to compensate them for their representation of the Class in this Litigation, including their filing of the Litigation, Litigation expenses, this Settlement, and post-settlement activities and compliance procedures.

3. "Putative Class Members" means all individuals identified by Glow who are or were employed as Project Employee RF Testers for Defendant Glow Networks, Inc. at any time between December 12, 2012 to present who worked more than four weeks.

4. "Participating Class Member" means a Putative Class Member who timely submits a Consent to Join Form in accordance with Section IV of this Agreement and also specifically includes the Early Opt In Plaintiffs, Aaron Weathers, Charanjit Singh and Victor Perea.

5. "Early Opt In Plaintiffs" means Aaron Weathers, Charanjit Singh and Victor Perea, each of whom have already executed consent to join forms and are Participating Class Members.

6. "Non-Participating Class Member" means a Putative Class Member who does not timely submit a Consent to Join Form in accordance with Section IV of this Agreement.

7. "Class Period" means the period of time from December 12, 2011 through the date the Court grants Approval of the Settlement.

2

8. "Class Representative Payment" means the service award paid to Plaintiff Christopher Evins in his individual capacity for his service as the class representative and as a general release of his individual claims.

9. "Court" means the United States District Court, Western District of Missouri.

10. "Effective Date" means the date by which all of the following have occurred:

    a. All Parties, Class Counsel, and Defendant' Counsel have executed this Agreement;

    b. The Court has approved the Settlement; and

    c. The Court issues an order dismissing the Litigation with prejudice.

11. "Gross Settlement Fund" means $418,635.06, payable by Defendant as provided by this Agreement.[1] The Gross Settlement Fund is inclusive of all payments to Participating Class Members, the Class Counsel Fees and Costs Payment, the Settlement Administration Fees. The Gross Settlement Fund is exclusive of the $25,000 payment to Chris Evins for a general release of claims. It is also exclusive of Defendant's share of applicable payroll taxes and withholdings for wage payments made to Participating Class Members under this Settlement. In no event shall Defendant be required to pay in excess of the Settlement Fund except as expressly stated herein.

---

[1] The Gross Settlement Fund is derived using the following calculation: Each Participating Class Member shall receive compensation for 10 hours of overtime per week of employment at a rate of $26.25 per hour for each of those 10 hours ("The Overtime Pay Calculation") for 75% of their weeks of employment for the time period of December 12, 2012 to the present. Each class member shall also receive an additional 50% representing liquidated damages to the Overtime Pay Calculation. For periods worked between December 12, 2011 and December 11, 2012, each class member shall receive compensation for 5 hours of overtime per week of employment at a rate of $26.25 per hour for each of those 5 hours for 75% of their weeks of employment. For this period, each class members shall also receive an additional 50% representing liquidated damages.

12. "Net Aggregate Settlement Amount" means the total amount to be paid to Participating Class Members after the deduction of Settlement Administration Fees and Class Counsel Fees and Costs from the Gross Settlement Fund.

13. "Approval of the Settlement" means the Court's approval of the Settlement and Consent to Join Form without material change.

14. "Settlement Administration Fees" means all fees owed to the Settlement Administrator in connection with administering the class Settlement in this Action.

15. "Settlement Administrator" means the third-party administrator appointed by the Court to administer the Settlement.

16. "Settling Class" means all Participating Class Members (i) who timely submit a Consent to Join Form in accordance with Section IV of this Agreement, (ii) the early "opt in" Plaintiffs Aaron Weathers, Charanjit Singh and Victor Perea, and/or (iii) any others who have already filed their consent to join forms with the class.

17. "Defendant's Counsel" means Mark Downey formerly of Munsch Hardt Kopf & Harr P.C. and now with Hughes Arrell & Kinchen, LLP.

18. "Compensable Workweeks" means, for each Class Member, the number of weeks in which the Class Member performed work as a Project Employee RF Testers for Defendant Glow Networks, Inc. during the Class Period. For purposes of this Agreement, partial weeks worked will be counted as full weeks of work. Compensable Workweeks shall include only those weeks in which Defendant' records reflect that a Class Member received pay for work performed (*e.g.*, a Class Member who is on leave for an entire workweek does not receive "pay for work performed" during that week, regardless of whether the leave is paid).

## II. THE LITIGATION

19. On June 7, 2014, Plaintiff commenced this action against Defendant seeking to represent the Putative Class Members. Plaintiff's Complaint asserts claims for unpaid overtime

4

under the Fair Labor Standards Act ("FLSA") for time spent performing work that was not paid. Specifically, Plaintiff alleges that he and the Putative Class Members were improperly classified as exempt from overtime.

20.     On July 30, 2014, Defendant timely answered Plaintiff's Complaint, denying Plaintiff's allegations, and asserting their affirmative defenses.

21.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Litigation, and further contends that, for any purpose other than settlement, this action is not appropriate for class or collective action treatment. Defendant contends, among other things, that it has complied at all times with the FLSA and state law.

22.     The Parties engaged in extensive discovery, including written discovery which resulted in the production of hundreds of pages of documents and significant amounts of electronically stored information by Defendant and more than three hundred pages of documents by Plaintiff, as well as post-mediation review of  payroll records to verify employment and determine damages.

23.     The Parties also conducted depositions of the Plaintiff and the Defendant's corporate representative.

24.     Plaintiff and Defendant have engaged in substantial investigation in connection with the Litigation, including the formal discovery outlined above and the informal exchange of information regarding among other topics, the number of possible putative class members, the number and location of other RF Testers, and other relevant issues.

25.     Aaron Weathers, Charanjit Singh and Victor Perea each prepared consents and have each executed "opt in" agreements and are specifically included in the litigation and the settlement set forth in this Agreement.

26.     The settlement set forth in this Agreement represents a compromise and settlement of disputed claims.

5

27.     Plaintiff and Defendant agree to the conditional certification of a FLSA collective class consisting of all individuals who are or were employed by Defendant Glow Networks, Inc. and/or its successors and assigns as Project Employee RF Testers in Defendant Glow Networks, Inc. during the Class Period for purposes of this Settlement only. Plaintiff and Defendant further agree to the final certification of a FLSA collective class consisting of all Participating Class Members for purposes of settlement only and without any adjudication on the merits. If this Settlement is not approved by the Court for any reason, such agreed conditional and final certifications are null and void.

28.     The Court's final approval of the Settlement and order of dismissal of this Litigation with prejudice shall result in a full and complete settlement and release of the claims alleged in the Litigation against Defendant, which release includes in its effect Defendant and all of their respective past, present, or future parents or other affiliated corporations, divisions, subsidiaries, partnerships, partners, officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns (and the officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns of all such parent or other affiliated corporations, divisions, partnerships and subsidiaries). The Settlement releases those wage and hour claims of the Settling Class that arose during the Class Period, including all known or unknown claims which were or could have been asserted in the Litigation. This waiver and release includes any and all claims of any kind or nature under any federal, state, or local law involving wages and hours that were or could have been brought in this litigation, including, without limitation, any and all claims related to: Defendant' alleged failure to properly pay Project Employee RF Testers; and/or (b) any other claims arising under the FLSA, MMWL, or other state wage and hour laws, and that could have been brought as part of the litigation.

29.     Class Counsel have investigated the facts of the case. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement

6

with Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable, and adequate, and is in the best interest of the class in light of all known facts and circumstances, including the risk of significant costs and delay, risk of non-certification of the class, defenses asserted by Defendant, and numerous potential appellate issues. Although Defendant contends that it has no liability in this case, Defendant's Counsel shares Class Counsel's belief that the settlement represents a fair and adequate settlement given the risks associated with the Litigation.

30.     The Parties will work together expeditiously to obtain approval of this Agreement and to dismiss this action with prejudice.

## III.     TERMS OF SETTLEMENT

31.     Now, therefore, in consideration of the mutual covenants, promises and warranties set forth herein, Plaintiff, the Early Opt In Plaintiffs, and Defendant agree that the claims set forth in the Litigation be settled and compromised between the Settling Class and Defendant, subject to the Court's approval as set forth below.

32.     The settlement embodied in this Agreement, including all releases of claims against Defendant by the Settling Class, shall become effective upon the Effective Date.

## IV.     NOTICE AND PAYMENT PROCESS

33.     The parties shall cooperate in ensuring the terms of this Agreement are carried out.

34.     Within ten (10) days of the Court entering the Order granting approval of the Settlement, the Settlement Administrator shall send, by first class mail, a Notice of Settlement (the "Class Notice") to each Class Member in the form attached hereto as Exhibit "A" and approved by the Court. The Settlement Administrator will use the address information provided by Defendant or a more current address from the NCOA or similar methods to ensure that the mailing is sent to the most accurate address reasonably available. A Consent to Join Form, in the

7

form attached to Exhibit A shall be attached to the Class Notice. The Consent to Join Form will provide for the Class Member to participate in the Settlement and will include a release wherein each Class Member who agrees to participate in the Settlement shall release Defendant from all liability for wage and hour claims that arose during the Class Period that were or could have been asserted in the Litigation, including all known or unknown claims that were or could have been asserted in the Litigation.

35. Any returned envelopes from this mailing with forwarding addresses will be utilized to locate Putative Class Members. The Settlement Administrator will take appropriate steps (which may include skip tracing or the mailing of a reminder postcard) to ensure that the Class Notice and Consent to Join Form are sent to all Putative Class Members.

36. Each Class Member may submit a Consent to Join Form. To be honored, the release language on the Consent to Join Form must be unaltered and signed under penalty of perjury. The Consent to Join Form must be completed in full, signed, postmarked and sent to the Settlement Administrator within sixty (60) calendar days from its initial mailing by the Settlement Administrator, as specified in the Consent to Join Form. Putative Class Members who meet all of the preceding conditions in this Section are "Participating Class Members."

37. The Consent to Join Form must be postmarked and sent to the Settlement Administrator within sixty (60) calendar days from its initial mailing of the Consent to Join Forms to the Putative Class Members. Upon good cause, Consent to Join Forms that are sent or postmarked more than sixty (60) calendar days after the date of such mailing, may be honored. Thirty (30) calendar days after the original mailing date the Settlement Administrator shall send reminder postcards to all Putative Class Members who have not, as of that time, submitted a Consent to Join Form.

8

38. In order to facilitate the timely mailing of notice, Defendant shall, within 14 days of the execution of this Agreement, provide to the Settlement Administrator and Class Counsel, the class list including most recent addresses.

39. Within seven (7) days after the close of the notice period, the Settlement Administrator will provide the following to Class Counsel and Defendant' Counsel:

    a. the names of all Putative Class Members who submitted timely claims with the Settlement Administrator;

    b. the names of all Putative Class Members who failed to timely submit a claim; and

    c. The amount owed to Participating Class Members, including Defendant's share of Employer payroll taxes.

40. Defendant shall pay the Settlement Administrator the total amount due to Participating Class Members within seven (7) days of the report described in Paragraph 37.

41. The Settlement Administrator shall mail payments to Participating Class Members within seven (7) days of receiving Defendant's payment pursuant to Paragraph 38.

42. Checks shall remain negotiable for 18 months. Class Members who do not cash their checks within 18 months of issuance will have their checks cancelled and their check amounts sent to a client trust account that they may claim from, and/or a state unclaimed property division.

43. **Class Counsel's Fees and Costs Payment.** In their motion for settlement approval, Plaintiff will request that the Court award Class Counsel Fees and Costs Payment consisting of one-third of the Settlement Fund for attorneys' fees and $2,940.99 for reimbursement of Class Counsel's out of pocket costs. Plaintiff, the Settling Class, and Class Counsel shall not seek payment of attorneys' fees or reimbursement of costs or expenses except as set forth herein. Class Counsel shall not seek a fee on the general release payment to Chris

9

Evins. The award of attorneys' fees and costs will be determined by the Court based on Class Counsel's application and will be paid to Class Counsel within seven (7) business days of the Approval Order. Defendant (or the Settlement Administrator) will issue an Internal Revenue Service ("IRS") Form 1099 to Class Counsel with respect to the attorneys' fees and costs paid to them.

a. **Class Representative Payment.** Within seven (7) days of the Approval Order, Defendant will pay, separate and apart from the Gross Settlement Fund, Twenty-Five Thousand Dollars ($25,000.00) to Chris Evins for a general release of all claims against Defendant, including but not limited to any potential claims for retaliation. The Class Representative Payment will be reported to the taxing authorities by means of an IRS Form 1099.

b. **Settlement Administrator Fees.** Reasonable fees and expenses of the Settlement Administrator shall be deducted from the Gross Settlement Fund. The Settlement Administrator shall be required to agree to a reasonable "not to exceed" cap for all fees and expenses for claims administration work.

c. **Net Aggregate Settlement Amount.** The Net Aggregate Settlement Amount will be determined by deducting the maximum possible Class Counsel Fees and Costs Payment and the Settlement Administrator Fees from the Settlement Fund. The Net Aggregate Settlement Amount will be divided and distributed to Participating Class Members as follows:

i. Each Participating Class Member's Final Gross Settlement Award will be attributed as fifty percent wages and fifty percent liquidated damages. From each Participating Class Member's Final Gross Settlement Award, deductions for the Defendant's and the Participating Class Member's share of mandatory federal, state, and local payroll taxes and withholdings on the wage portion of the Final Gross Settlement Award will be made, resulting in the Participating Class Member's "Net Settlement Award." The Net Settlement Award is the

10

sum to be paid to each Participating Class Member. Defendant or the Settlement Administrator will issue an IRS W-2 form to each Participating Class Member for the wage portion of their Final Gross Settlement Award payable under this Agreement and an IRS 1099 Form for the non-wage portion as may be necessary.

        ii.      Any portion of the Net Settlement Award treated as wages shall be reported to the IRS and the payee under the payee's name on an IRS Form W-2.

        iii.      Any portion of the Net Settlement Award treated as interest shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name on an IRS Form 1099.

        iv.      Payments of Class Counsel Fees and Costs shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.

        v.      The General Release Payment to Chris Evins will be paid in addition to his Net Settlement Award and will be taxed the same manner as his Net Settlement Award.

        vi.      It is expressly understood that to the extent that fewer than all Putative Class Members submit valid Consent to Join Forms, the total amount paid by Defendant will be less than the Gross Settlement Fund.

## V.    RELEASE OF CLAIMS BY THE CLASS AND NAMED PLAINTIFF

    44.    Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, Plaintiff, the Early Opt In Plaintiffs, the Settling Class and each Participating Class Member shall, in exchange for the consideration recited in this Agreement, on behalf of himself or herself and on behalf of his or her current, former, and future heirs, executors, administrators, attorneys, representatives, agents, and assigns, hereby fully release and discharge

11

Defendant and all of their respective past, present and future parents or other affiliated corporations, divisions, subsidiaries, partnerships, partners, officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns (and the officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns of all such parent or other affiliated corporations, divisions, partnerships and subsidiaries) (collectively hereinafter the "Releases") from any and all known or unknown wage and hour claims, causes of action, damages, liabilities, debts, penalties, obligations, and demands, including, but not limited to, any and all claims, whether known or unknown, based on the FLSA, the MMWL, and/or any other federal, state or local constitution, regulation, law (statutory or common), or legal theory, and any claims for attorneys' fees, costs, interest, and statutory and civil penalties in existence at any point in the past, up to the Effective Date of this Agreement, that Plaintiff and each Participating Class Member asserted or could have asserted in this litigation through the effective date of the Settlement.

45.     Separately, Chris Evins will release any and all claims whatsoever that he may have against Defendant.

VI.     **ADDITIONAL DUTIES OF THE PARTIES**

46.     On or before February 13, 2015, Plaintiff shall submit to the Court a Motion for Settlement Approval and a proposed Order Approving the Settlement. Plaintiff will seek, and Defendant will not oppose, conditional certification of the Class pursuant to Section 216(b) of the FLSA solely for the purposes of settling this litigation. Plaintiff's Motion shall request the following:

a.     Approving this Settlement as to form and content as fair, reasonable and adequate as to the members of the Class;

b.     Conditionally certifying the collective action;

c.     Approving as to form and content the Proposed Class Notice;

12

        d.      Approving as to form and content the Proposed Consent to Join Form;

        e.      Directing the mailing of the Class Notice and Consent to Join Form by first class mail to the Putative Class Members;

        f.      Approving Class Counsel's application for attorneys' fees and costs; and

        g.      Dismissing the litigation with prejudice.

## VII.   VOIDING THE AGREEMENT

47.    A failure of the Court to approve any material condition of this Agreement that effects a fundamental change of the Parties' settlement shall render the entire Agreement voidable and unenforceable as to all Parties herein at the option of any party. Each Party may exercise this option to void the Settlement by giving notice, in writing, to the other Party and to the Court at any time prior to the Effective Date of the Settlement.

## VIII.   PARTIES' AUTHORITY

48.    The Parties and their respective signatories represent and warrant that they have the capacity and full authority to enter into this Agreement and to bind the Parties to the terms and conditions set forth in this Agreement.

## IX.   MUTUAL FULL COOPERATION

49.    The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall, with the cooperation of Defendant and Defendant'

Counsel, take all reasonable and necessary steps to secure the Court's approval of this Agreement.

50. The Parties agree to waive all appeals from the Court's final approval of this Settlement, unless the Court fundamentally changes the terms of the Settlement.

## X. NO PRIOR ASSIGNMENTS

51. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.

## XI. NO ADMISSION

52. Nothing contained in this Agreement, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408, be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Agreement.

53. For settlement purposes only, the Parties will stipulate that a class may be certified, as described in this Settlement. The Parties agree that certification for settlement purposes under the lenient standard applied to settlements is in no way an admission that class certification is proper under the more stringent standard applied for litigation purposes, and that evidence of this limited stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XII. NOTICES

14

54. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class United States mail, return receipt requested, addressed as follows:

**To The Settling Class:**

Eric L. Dirks
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105

**To Defendant:**

Mark D. Downey
Hughes Arrell & Kinchen, LLP
3333 Lee Parkway
Dallas, Texas

## XIII. CONSTRUCTION

55. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and their counsel. The Parties have jointly participated in the drafting and approval of this Agreement, which shall not be construed in favor of or against any party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## XIV. CAPTIONS AND INTERPRETATIONS

56. Section and paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions. Each term of this Agreement is contractual and not merely a recital.

## XV. MODIFICATION

15

57.     This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties.

## XVI.   MERGER AND INTEGRATION

58.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## XVII.  BINDING ON ASSIGNS

59.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XVIII. COUNTERPARTS

60.     This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

61.     Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or .pdf e-mail attachment to counsel for the other party. Any signature made and transmitted by facsimile or .pdf e-mail attachment for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## XIX.   ENFORCEMENT ACTIONS

16

62.     In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other Party to enforce this Agreement, the prevailing Party shall be entitled to recover from the other Party its reasonable attorneys' fees and costs, including expert witness fees incurred, in addition to any other award.

DATED: _____02/12/2015_____

_____
CHRISTOPHER EVINS

DATED: _2/15/15_____

GLOW NETWORKS, INC.

_____
Name: DANIEL A. BRITOLD
Title: EVP & BU HEAD

**APPROVED AS TO FORM AND CONTENT:**

DATED: _2/12/15_____

_____
ERIC L. DIRKS

Attorney for Plaintiff Christopher Evins
and for Members of the Settling Class

DATED: _2/15/15_____

_____
MARK D. DOWNEY

Attorney for Defendant Glow Networks, Inc.

17

## 5. HOW TO PARTICIPATE IN THIS SETTLEMENT

Enclosed you will find a form entitled "Consent to Join Form". You **must file a Consent to Join Form to receive the additional benefits from the settlement**.

You may file the Consent to Join Form by either returning it by mail in the self addressed stamped envelope or by emailing it to the Settlement Administrator on or before _____.

Please understand that the Court has approved this settlement. <u>By signing and returning the Consent to Join Form you agree not to sue Glow. You also will release all federal, state and local claims for wage and hour violations arising from your employment with Glow as a Project Employee RF Tester through [DATE OF SETTLEMENT AGREEMENT].</u>

## 6. YOUR TIME TO JOIN IS LIMITED

The enclosed Consent to Join Form must be postmarked or emailed within sixty (60) days from the date of this notice, no later than _____.

## 7. EFFECT OF NOT SUBMITTING A CONSENT TO JOIN FORM

If you choose to do nothing and fail to timely return the Consent to Join Form, you will be unable to participate in the settlement, and you will not be subject to the judgment in this case. The lawsuit and the settlement will have no effect on you. Because of the operative statute of limitations applicable to this case, if you do not join this settlement you may lose any right, if such a right exists, to recover these claims in the future.

## 8. THE SETTLEMENT SCHEDULE

20

As noted above, if you wish to return the enclosed Consent to Join Form, you must do so on or before [DATE]. This is a court-ordered Notice period and marks the beginning of the settlement administration process. Following the close of the Notice period, the settlement administrator will run settlement calculations based upon the Consent to Join Forms received. Thus, the earliest time you could expect to receive a settlement check is [TIME PERIOD].

While we do not anticipate problems, please keep in mind that unforeseen circumstances could arise that might delay the settlement process. However, we will do everything in our power to ensure that all deadlines are enforced and the process proceeds without undue delay.

## 9. QUESTIONS REGARDING THIS NOTICE

If you have any questions regarding this notice, you can contact the [third party administrator at [insert toll free number] or by emailing your question to [insert TPA dedicated case email address].

## 10. LEGAL COUNSEL

The Attorneys representing Plaintiffs in this matter are as follows:

**Eric L. Dirks, Attorney**

Williams Dirks Dameron LLC

1100 Main Street, Suite 2600

Kansas City, MO 64105

www.williamsdirks.com

**Michael Hodgson, Attorney**

The Hodgson Law Firm, LLC

21

6 NW Main St.

Lee's Summit, MO 64063

www.thehodgsonlawfirm.com

22

**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

CHRISTOPHER EVINS,　　　　　　　　　)
On Behalf of Himself and a　　　　　　　)
Class of Similarly Situated Individuals,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　　)　　**Case No: 4:14-CV-00544-DW**
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GLOW NETWORKS, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　　)

## CONSENT TO JOIN FORM

I, the undersigned, consent to be a party plaintiff in the above-captioned lawsuit and to participate in the settlement of this action. In exchange for my settlement payment, I hereby acknowledge and agree to release and waive claims against Glow Networks, Inc., including their predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, employees, agents, and representatives from any and all wage and hour claims or causes of action that were or could have been asserted in this action, including but not limited to any claim for violations of federal, state, or other wage and hour laws or common law claims that were asserted in, arise out of, or are related to the subject matter of the lawsuit while employed as a Project Employee RF Tester at any time through [insert date of approval order]:

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing information supplied by me, the undersigned, is true and correct.

DATE: _____, 2015　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIGNATURE


_____　　　_____
PRINTED NAME　　　　　　　　　　　ADDRESS


_____　　　_____
CITY/STATE/ZIP　　　　　　　　　　　TELEPHONE NUMBER


_____
EMAIL ADDRESS

THIS FORM MUST BE RETURNED TO THE SETTLEMENT ADMINISTRATOR IN THE ENCLOSED BUSINESS REPLY
ENVELOPE OR AT [INSERT ADDRESS] AND MUST BE POSTMARKED NO LATER THAN [INSERT DATE].

WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS – YOU MAY ALSO WISH TO MAIL RETURN RECEIPT
REQUESTED.